No. 8905.

THE STATE OF LOUISIANA EX REL. THE MAYOR AND COMMON COUNCIL OF DONALDSONVILLE VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT COURT ET AL.

The Articles of the Constitution defining the original jurisdiction of inferior courts are not subject to the rigorous construction applicable to those defining the appellate jurisdiction of this Court, but must be construed with reference to Art. 11 of the Constitution, which guarantees adequate remedy in the courts for all legal rights. Hence, Articles 829 to 836, C. P., granting, among other things, the remedy of mandamus to compel "corporations established by law to make elections required by their charter," will not be held to be repealed by the Constitution, because the rights enforced thereby are not susceptible of pecuniary valuation; since the effect of such construction would be to leave the citizen without legal remedy to prevent violations of his legal right to vote.

Refusal to grant delay for filing application for new trial, when sufficient time has been allowed, does not constitute such nullity of proceeding as to vitiate them.

APPLICATION for a Prohibition and Certiorari.

R. N. Sims and E. N. Pugh for the Relators.

Fred. Duffel and J. A. Seghers for the Respondent.

The opinion of the Court was delivered by

FENNER, J. Certain citizens and voters of the town of Donaldsonville, averring that the charter of said town required an election to be

held on May 5th, 1883, under the auspices of the Mayor and Council, who were required under said law to issue proclamation, give notices and perform certain other defined duties in reference thereto ; alleging, further, neglect to perform said duties; averring that they, relators were entitled to vote at said election, and, if said defendants were not required to perform their said duties, they would be deprived of said right; applied to the District Court for a writ of mandamus. The defendants in the suit excepted to the jurisdiction of the court *ratione materiæ*, because there was no amount in dispute exceeding fifty dollars, exclusive of interest, as required by Art. 109 of the Constitution.

The respondent Judge having overruled this plea, the relators apply for a writ of prohibition. If we were to apply to the clauses of the Constitution, defining the jurisdiction of the District Courts, the same rigorous construction which we have enforced in reference to those which define the appellate jurisdiction of this Court, it would be difficult, if not impossible, to answer the argument of relators' counsel. But slight reflection will show that different considerations apply in the two cases.

If the District Court has not jurisdiction to enforce the rights claimed by the plaintiffs in the suit under consideration, no court has such jurisdiction, and we would have presented the case of a well recognized legal right without a remedy. Art. 11 of the Constitution provides that, " all courts shall be open, and every person, for injury done him in his rights, lands, goods, person or reputation, shall have adequate remedy by due process of law and justice administered without denial or unreasonable delay." In construing the constitutional definitions of the original jurisdiction of courts, we must be guided by this Article ; and when we find that, under our system of law, there has existed an ancient and established remedy for the enforcement of a recognized legal right, which is the only adequate remedy, we will not construe the jurisdictional provisions of the Constitution as having effect to take away such remedy and to leave the right remediless, by any mere implication, however strong.

Our Code of Practice confers upon courts, whose jurisdiction in civil matters exceeds $100, the power to issue writs of mandamus addressed to public officers or corporations directing them to fulfil duties, and specially, "to all corporations established by law, to compel them to make elections required by their charter." C. P. 829 to 836.

It provides, that " the object of the order is to prevent a denial of justice," and that "it should be issued in all cases when the law has assigned no relief by the ordinary means and where justice and reason require that some mode should exist of redressing a wrong." C. P. 830.

Thus, the case is brought within the precise protection of Art. 11 of the Constitution, and the question presents itself, can we hold that other Articles of the Constitution have, by implication, taken away the jurisdiction of every court to enforce such a remedy and thus left the citizen without any mode of redress for such an " injury to his rights ? "

It is obvious that there is no express inconsistency between Art. 109 of the Constitution and these Articles of the Code of Practice, even when applied to cases involving no pecuniary amount in dispute. If the right of the citizen to vote, and, to that end, to have elections held as required by law, be not susceptible of valuation in dollars and cents, it is not because such right does not exceed in value, " fifty dollars, exclusive of interest," but, rather, because it is too precious to be measured by any mere pecuniary standard.

It would be absurd to say that the Constitution intended to deprive courts of jurisdiction of all matters not susceptible of distinct pecuniary valuation, except those expressly mentioned. If that were so, the Constitution would have failed to confer upon any court in this State original jurisdiction of suits for divorce or separation from bed and board, although Art. 81 confers on this Court appellate jurisdiction therein. We hold, therefore, that the respondent Judge did not exceed the bounds of his jurisdiction, and that the writ of prohibition must be denied.

We find no sufficient ground under the writ of certiorari to annul the proceedings. Although the judgment was signed on the day following its rendition, the court adjourned *sine die* on the same day, which ended the delay allowed by law. No rule for new trial was filed or offered, and the refusal of delay for that purpose and even the expression of opinion by the Judge, that application for new trial did not lie in such case, did not dispense the party from offering his application, which he had ample time to prepare. If he had prepared and offered his motion before signature of the judgment, *non constat* that the Judge would not have received and acted on it. The only application made and passed on by the court was one for delay, and the refusal is not such an irregularity as vitiates the proceedings.

It is, therefore, ordered that the prohibition and certiorari prayed for be denied at relators' cost.