## No. 11,444.

### LEM SCOTT, SHERIFF, ETC., VS. THE PRESIDENT OF THE POLICE JURY OF RICHLAND ET AL.

The inspection and examination of the books and papers of a public office may be claimed on application for a *mandamus* by those who, by reason of their official position, have an interest in that examination.

In view of the relations of the sheriff as the collector of parish taxes and licenses, and that he is required to settle for his collections with the parish treasurer, who settles with the jury, the police jury must be deemed to have an interest in the examination of the sheriff's books and papers whenever the information to be elicited becomes necessary for settlement of the jury with the parish treasurer or for other purposes within the scope of the duties of the jury. 1 Greenleaf on Evidence, pp. 471, 473.

APPLICATION for *Certiorari* and Prohibition.

---

*Wells & Wells* and *Boatner & Lamkin* Attorneys for Relator:

The District Court was without jurisdiction *ratione materiæ* to issue a mandamus to the sheriff and *ex-officio* tax collector, on an application by a president and two members of a police jury who had been appointed a committee with specified power simply to employ an expert and to examine the books, records and accounts of the said officer.

That no suit nor judicial proceeding of any kind can be instituted on behalf of a police jury except through the district attorney.

---

*Gunby & Sholars* Attorneys for Respondents:

District judges can issue the writ of mandamus in cases where no moneyed demand is made, but where public interests are involved. Custodian, etc., vs. Theard, 45 An. 681.

In exercising its rights to issue writs under its supervisory powers, the Supreme Court will not transform itself into a court of appeal to reverse the rulings of the inferior court. 35 An. 365.

---

The opinion of the court was delivered by

MILLER, J.   The relator invokes the exercise of the supervisory jurisdiction vested in this court by the Art. 90 of the State Constitution.   The proceedings sought to be reviewed were in the Sixth Judicial District Court, parish of Richland.   That court made peremptory a *mandamus*, directing the relator to submit books, papers and documents pertaining to his office as sheriff and *ex-officio* tax-collector, for examination by a committee appointed by the police jury of the parish, or by the expert selected by the committee.   It

is claimed on behalf of the police jury and their committee that the examination proposed is to obtain information necessary for the performance of the functions of the jury. The relator here, in his petition, further avers, and in his answer and exceptions in the lower court substantially urges, that the books, except the cash book, showing the parish taxes collected are not public, but his private property; that the current tax rolls, the list of delinquent tax-payers and other books and papers he enumerates are of daily use in the office for its business, and as to his vouchers, which he supposes are demanded, he insists he can not be called upon to surrender them. Besides these grounds on which he contests the *mandamus*, he insists that the committee appointed by the jury, on whose applications the *mandamus* issued, had no authority to institute the suit or stand in judgment for the jury; that the district attorney should have sued if there was any basis for the suit, and that the petition sets forth no interest in those who applied for the *mandamus*, or any thing or object within the jurisdiction of the court.

Courts are sometimes called on to enforce rights not susceptible of estimation in money. It is fortunate for the good order of society that the judicial function in that class of controversies are not dependent on the test of the amount involved, applied in other suits that come before the court. State Constitution, Art. 11; State *ex rel.* Mayor vs. Judge, 35 An. 637; State *ex rel.* Garland vs. Theard, 45 An. 681. The contention of the relator substantially is, that the committee of the police jury had no interest to sue for the *mandamus*, and there is no subject of suit—*i. e.*, of which a court can take cognizance.

The sheriff is the tax collector for the parish, and accounts to the parish treasurer. The police jury is charged with the levy of the parish taxes; the disbursement of the taxes when collected, the appointment of the parish treasurer, and it is with the police jury the parish treasurer effects his settlements. It is advanced on the part of the police jury that the information sought to be obtained from the sheriff's books and the papers of his office was important and necessary for the performance of the duties of the jury. There is testimony in the record with reference to settlements with the parish treasurer. It is in evidence that there was no final settlement with the ex-parish treasurer. From the language of the ordinances of the jury appointing the committee to examine the

sheriff's books, as well as from the testimony, it is the fair conclusion, as is stated in the briefs for the parish committee, that the information to be desired from the sheriff's books and papers is requisite for the adjustment of the accounts of the treasurer. The court can not assume the information is sought by the jury from improper motives. The presumption arising from the action of a public body clothed with important duties, is that it passed the ordinances calling for this examination with a view of obtaining assistance in the performance of public duty. The police jury in view of their relation to the parish treasurer, and those between the parish treasurer and the sheriff, has an interest in the examination of the official books and papers pertaining to the sheriff's office. That interest we think sufficient to entitle the committee to demand the *mandamus* to compel the exhibition of such books and papers for examination. 1 Greenleaf, 471-473.

While the right of inspection of official records is to be conceded to those having the requisite interest in the subject, it must be executed with due regard to the public interest and the rights of the sheriff. The ordinances of the jury required him to deliver his official books and papers to the committee. This he declined to do.

The order of the lower court, making peremptory the *mandamus*, is that he submit his books for examination. To submit his books for examination to be conducted at his office, and within reasonable hours, will not interfere with conducting the business of the office. This is all we presume the *mandamus* requires—or should be exacted. The *mandamus* affirms only the right of inspection and examination of the books of a public office, by those having the legal interest.

It is therefore ordered, adjudged and decreed that the application in this court for the writs be refused.