Gughlielhmi vs. Geismar.

No. 11,437.

HENRIETTE GUGHLIELHMI VS. LOUIS GEISMAR.

The plaintiff in a suit *via executiva*, having been enjoined, on the ground that there was a deficiency in the measurement of the land sold by her, interposed the plea of no cause of action.

She has not thereby waived any of her rights to answer and to trial on the merits.

Gughlielhmi vs. Geismar.

In the interpretation of the descriptive words of deeds and grants, fixed monuments, whether they be natural or artificial, govern.

The issues having been tried on an exception admitting the truth of the allegations, the exception is overruled and the case remanded for trial on the merits, in order that the permanent character and correctness *vel non* of the metes and bounds given in the deed may be ascertained.

APPEAL from the Twentieth Judicial District Court, Parish of Ascension. *Guion, J.*

---

*R. N. Sims, H. Heidenhain* and *Dinkelspiel & Hart* Attorneys for Plaintiff and Appellee:

1. The defendant, by authentic act, passed on the |18th of February, 1891, purchased: All and singular that certain tract or parcel of land, together with the improvements thereon * * * situate in the parish of Ascension * * * known or designated as the "Waterloo plantation," having a front of about three-fourths of a mile on the Mississippi river, containing about 1800 superficial acres, more or less, and being bounded above and in the rear by the Riverside plantation * * * and below by what is known as the New River road, which separates it from the Mt. Houmas plantation; which said plantation is more specifically described as being composed of sections 9 and 10, 47, 48 and 30 and a tract of 172 67-100 acres in the rear of section 47.

This was clearly a sale *per aversionem*. The sale was of the "Waterloo plantation," embraced between "adjoining tenements" and well defined boundaries. The defendant did not buy certain distinct sections as limited bodies of land with fixed measurements. These sections are referred to merely by way of description, and their designation is controlled by the general designation which precedes it in the act, of the land in bulk, known as Waterloo plantation, and as being contained within fixed boundaries. C. C. 854, 2495; 14 La. 497; 7 La. 452; 5 N. S. 238; 3 La. 91; 19 La. 422; 2 La. 499; 16 La. 185; 5 La. 239; 4 La 534; 43 An. 942.

The defendant therefore is not entitled to claim diminution of the price on account of an alleged deficiency in quantity of the land within the said designated limits of the plantation. Same authorities.

---

*James L. Bradford* and *Edward N. Pugh* Attorneys for Defendant and Appellant:

1. A sale of a certain plantation, in which the land is first described as situated on the Mississippi river, containing "about 1800 acres, more or less," with designation of a certain other plantation as bounding it above and in the rear, and a certain road or lane below, which general description is then followed by a particular description, in which it is described "more specifically," as composed of certain sections, townships and ranges, is not a sale *per aversionem*, but one of specific tracts, in which, if there is less land, by one-twentieth, than that called for in the deed, the vendee is entitled to a proportionate diminution of the price. Milliken vs. Minnis, 12 La., O. S. 539; Hoover vs. Richards, 1 Rob. 34; Phelps vs. Wilson, 16 La., O. S. 185; Craigin vs. Powell, 128 U. S. 696; 3 Wash. Real Prop. 5th Ed. 409, 422, 425, 426, 430.

2. In such a sale, even if it be held to be one *per aversionem*, if the vendor had no title and no possession to parts of the specific sections described, and those parts exceed one-twentieth of the quantity called for in the deed, whether that quantity be controlled by the general call for "1800 acres, more or less," or by the aggregate areas of all the particular sections, in either event the vendee is evicted from such parts and is entitled to a restitution or diminution, and to damages resulting from the eviction. R. C. C. 2506, 2514, 2500; 1 Rob. 362; 11 Rob. 397; 13 An. 390; 14 An. 716.

The opinion of the court was delivered by

BREAUX, J.    This action is based upon an alleged deficiency of a quantity of land sold.

The price was $20,000, of which $7000 have been paid.

The plaintiff, as transferee of the notes representing the purchase price, sued out executory process on one of the notes due and owing, also for interest and 5 per cent. attorney's fee, stipulated in the deed of sale, and prays that the property be sold for cash to pay the note matured, also the interest fee and costs, and for the balance of price on terms of credit corresponding with the remaining notes unpaid.

The following is a description of the property sold:

"All and singular that certain tract or parcel of land, together with the improvements thereon and all rights, ways, privileges and appurtenances thereto belonging or in anywise appertaining, situate in the parish of Ascension, in this State, on the east or left bank of the Mississippi river, about eighty-seven miles above the city of New Orleans, known or designated as the ' Waterloo plantation;' having a front of about three-quarters of a mile on the Mississippi river, containing about 1800 superficial acres, more or less, and being bounded above and in the rear by the ' Riverside plantation,' now or formerly belonging to E. I. Mansfield, and below by what is known as the New River road, which separates it from the Mount Houmas plantation; which said ' Waterloo plantation ' is more specifically described as being of sections 9 and 10 in township 10 south, range 2 east, and sections 47, 48 and 30 in township 9 south, range 2 east, and a tract of 172 67-100 acres, in the rear of said section 47, with the exception and reservation of that portion of said plantation previously conveyed to the Louisville, New Orleans & Texas Railway Company, for a right of way and depot grounds."

The defendant sued out an injunction and claims a deficiency in measurement of 463 70-100 acres, and prays for a proportionate restitution of the purchase price.

He alleges in his petition for an injunction that plaintiff in the executory proceedings is not the owner of the notes sued on, but that she holds them for account of his vendor.

The act of sale is specially referred to in the petition for injunction, and the fact that it contains the usual clauses of warranty.

It is also averred ¡that some of the land sold by the plaintiff to Geismar is public land, and that some of it belongs and is in the possession of other persons.

The plaintiff in executory process, Henrietta Gughlielhmi, and defendant in injunction, interposed the plea of no right of action, on the ground that it was a sale *per aversionem* embraced between well defined boundaries.

The case was heard ¡on the issues thus presented, and judgment was pronounced for the plaintiff, Henrietta Gughlielhmi.

The defendant in executory process, Louis Geismar, prosecutes this appeal.

A point for decision comes up preliminarily.

The plaintiff did not call on the defendant to prove, in a summary manner, before the judge, the truth of the facts alleged in his injunction.

She did not choose to follow this mode of defence as laid down in the Code of Practice, but instead relied upon the exception of no cause of action, and thereby for the purpose of the exception the allegations of the petition are taken as true.

The fact that plaintiff might have accepted the issues as presented after the injunction was filed, and might have considered the injunction as an answer and could have proceeded to the trial without further pleading; and the fact that she might have filed such a plea as would have compelled his opponent to prove the verity of the allegations of his petition for the injunction, are not a waiver of the rights of trial on the merits in case of the overruling of the exception of no cause of action. Wood vs. Henderson, 2 An. 220; Johnson vs. Hickley, 4 La. 285; Fletcher vs. Dauber, 21 An. 151; State vs. Booth, 28 An. 726; State *ex rel.* Negrotto vs. Judges, 45 An. 1437.

This brings us to a consideration of the exception itself and to a determination of the question, whether there was a cause of action.

If the sale was a sale *per aversionem* and the title, as the issues are made, is valid to all lands within the boundaries and there was

no error regarding the boundaries themselves, the exception was properly maintained by the court *a qua*. The decisions uniformly are that calls in a deed fixing the boundaries of the land conveyed by lands of adjacent owners will control when these boundaries are well defined, and that where the metes and bounds are given by the deed, and the quantity of a tract of land, the former, if they are well established, will prevail, although there is a deficiency in the number of acres.

In other words, if there be error as to quantity, but none as to boundary, the purchaser can not claim on account of diminution in the number of acres in the absence of all attempts at concealment and fraud.

The rule applies with equal force to divisions into townships, sections and subdivisions of sections, when preceded by a description of property by metes and bounds.

This might be illustrated in various ways:

Following, for the purpose of example, the rule of construction that the elements of description will be followed, as to which there is the least likelihood of mistake.

Let us suppose that land is sold by metes and bounds, the front boundary being the Mississippi river and the other boundaries being, if possible, equally as monumental.

Sections on the water course, sold as entire sections, although fractional, would not control.

The description fronting on the Mississippi river would control the area without regard to a superadded section as part of the description.

In Milliken vs. Minnis, 12 L. 543, the sale was not by boundary.

The inference is inevitable, if it had been a sale by metes and bounds, they would have governed.

In that case the land was on the Mississippi river, with a front of about three-quarters of a mile.

The front line extended to a fence and followed the fence to the rear, and beyond the same, containing 640 acres, more or less, being four quarter sections, as surveyed by Maxfield, Ludlow, etc.

The court says: " In seeking for the intention of the parties the whole contract must be examined, and if possible effect given to every part. The expressions *being four quarter sections as surveyed*

*by Maxfield, Ludlow,* etc., form an important part of the designation of the land surveyed, and can not be overlooked.

"If there had been no other description of the land it would have been sufficient to convey the four quarter sections, for which patents were afterward obtained by the defendant.

"There is no difficulty about the lane which forms the lower line. The dispute appears to have arisen from the vague manner in which the upper boundary has been described as *running on a fence* and beyond it, without saying either in what direction or to what distance. We are of opinion that a reference in the contract to the survey of Ludlow *must control the vague and indefinite description of boundaries* in other clauses of the contract." (The last italics are ours.)

The boundaries were vague and indefinite, therefore other data controlled in locating the tract of land.

In Kirkpatrick vs. McMillen *et al.*, 14 La. 497, the reference to the plan and boundaries of the streets governed, and not the lots as numbered and the measure as given.

We have not found a case in which it was held that the established well known boundary lines of the four sides of a tract of land shall not control the location in a *bona fide* sale of land thus bounded.

Courses, distances, admeasurements and ideal lines upon the ground yield to known and fixed measurements, whether natural or artificial.

These being the governing principles they must control the issues in the case at bar.

The allegations being admitted as true the plaintiff is, at this time, in the attitude of having admitted, for the purpose of the exception, that a small portion of the land in question is public land, and that some of the land is in the possession of the owner of Riverside plantation.

These issues demand hearing and further consideration.

The ruling regarding the exception is therefore annulled, that it may be ascertained how much if any of the land in question is public land, and that the dividing lines between Waterloo plantation and Riverside plantation may, if possible, be established in accordance with the calls of the deed, that read as follows, viz.: "Above and in the rear of Riverside plantation," and thereby include within correct boundaries all lands forming part of Waterloo plantation.

It is ordered, adjudged and decreed that the judgment appealed from be annulled and set aside, that the case be reinstated for trial and that same be heard on the merits, in accordance with the views above expressed. The case is therefore remanded to the District Court.

Appellee to pay costs of appeal.