## No. 13,903.

STATE EX REL. CLARA J. MILLAUDON ET ALS. VS. HON. WALTER B. SOMMERVILLE, JUDGE.

### SYLLABUS.

The relators' petition for a *mandamus* and the relief sought had been secured before the application for *mandamus* was presented. After the rule *nisi* had been issued, the rule to tax costs was tried and the amount fixed.

The right reserved by the judgment fixing the amount of costs does not fall within the grasp of a writ of *mandamus*.

A PPLICATION for Writs of *Certiorari* and *Mandamus*.

*Kernan & Gowland* for Relators.

Respondent Judge, *pro se.*

(*Arthur B. Leopold,* of Counsel).

The opinion of the court was delivered by

BREAUX, J. The complaint is that the respondent ordered the indefinite continuance of a rule the relator filed to have the amount of costs determined in a suit before his court.

The facts are that in a suit in which the relators are plaintiffs and Peter Gallagher is the defendant, the latter was condemned to pay the costs: The relators applied by rule to compel the defendant to show cause why the costs should not be taxed. When the rule was called for trial, relators aver that, on the suggestion of Gallagher's attorney, that there was an injunction suit pending against the execution of the decree of the court, defendant, in the suit in question, asked for a continuance of the rule.

The relators, it appears, objected to the indefinite continuance, which the respondent, notwithstanding, granted. Relators urge that, by this continuance, they were denied a remedial process to which they were entitled; that there was nothing in the injunction suit to prevent them from having the amount of their costs ascertained on a rule to tax costs.

In his answer to the rule *nisi* issued by this court, the respondent judge sets forth that one day later than the day the rule to tax costs was filed, Gallagher, defendant in the suit in question, filed a petition for an injunction against the execution of the judgment which had been pronounced, and that he substantially admitted that he owed the costs not charged on the clerk's and sheriff's fee docket incurred by relators. The judge adds that on the application of petitioner for an injunction, considering that in the interest of justice no loss could result to relators, he continued the rule indefinitely, to be taken up on the same day on which the trial for the injunction might be heard and determined; that

inasmuch as plaintiff in injunction admitted the costs by the plea of compensation, his action could not work any injury or a denial of justice; that the admission of the total costs—$89.80—by plaintiff in injunction, really disposed of the rule to tax costs and as the execution of the judgment has been enjoined, relators have no cause for complaint.

But it appears, in addition, that, after the petition for *mandamus* had been filed and the rule *nisi* issued on this application, the defendant, Gallagher, in the suit in question, by injunction, of his own accord, appeared in the District Court and filed his return to relator's rule in the suit of Millaudon vs. Gallagher, and especially admitted the amount of costs claimed in the rule to tax costs as well as all other costs appearing on the clerk's and sheriff's fee docket, even though not claimed in the rule. This admission was considered by the respondent judge and the rule of the relators was made absolute, without prejudice to plaintiff's injunction.

In our view the issues brought up on the rule filed in the District Court to tax costs are passed upon and disposed of to the extent that it was possible to dispose of them in the situation in which they were when decision was rendered on the rule. The relators here asked for *mandamus* and *certiorari* to the end of compelling the respondent to try and decide the rule to tax costs. The respondent has decided the rule. This was all for which the relator made application, and all that he had a right to expect under the law. A writ of *mandamus* will lie to, and require cognizance to be taken of, an issue, but it will not seek to control a judge in deciding the issue. The rights of relators are, as we understand them, to be considered and passed upon in the injunction suit to the extent that they have been reserved. The decree rendered on the rule and the reservation of the rights as made, were within the discretion of the district judge.

For these reasons, the rule *nisi*, which was issued on this application, is recalled and discharged and relators' demand is rejected at their costs.

PROVOSTY, J., takes no part, this case having been submitted prior to his taking his seat on this bench.