(34 South. 752.)

No. 14,719.

MARSH v. SANDERS, Sheriff.*

(June 8, 1903.)

RECORDS—PAYMENT OF POLL TAXES—INSPECTION—REGULATION.

1. The right to inspect the book in which, by Act No. 180, p. 344, of 1902, the sheriff is

*Rehearing denied June 27, 1903.

required to enter the names of all persons who have paid their poll taxes, carries with it the right to make memoranda or copies from the book.

2. While the sheriff is entitled to make reasonable rules for the orderly conduct of the business of his office, he cannot make a rule which will deny or abridge this right to inspect and make copies.

Breaux and Blanchard, JJ., dissenting.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Frederick C. Marsh against John B. Sanders, as sheriff, and others. Judgment for defendant sheriff, and plaintiff appeals. Reversed.

W. Richards Gates, Percy Saint, Emmet Alpha, Henry Mayer, J. Sully Martel, and D. Caffery & Son, for appellant. Foster, Milling, Godchaux & Sanders, W. K. Wilson, and J. B. Roberts, for appellee.

PROVOSTY, J. This suit was tried on the face of the papers. The plaintiff alleges as follows:

"That on the 8th of December, 1902, he went to the office of the sheriff and ex officio tax collector of the parish of St. Mary for the purpose of inspecting the bound book kept by said officer in accordance with Act 180 of the General Assembly of this state for 1902; it being required by said act that the sheriffs of the several parishes shall enter in said book the names of all persons who have paid their poll taxes, together with the dates of payments, and the amount paid by each, and said book shall be open at all times to inspection of all persons.

"That John B. Sanders is sheriff of St. Mary, and Robert R. Cook, his chief deputy, in full charge of the office for said Sanders. That petitioner was given said bound book by said chief deputy sheriff, who refused, however, under instructions from the sheriff, to permit your petitioner to make a thorough inspection of same, on the ground that your petitioner was making a memorandum of the names of the persons appearing in said bound book; said deputy claiming that the right to inspect was merely the right to read, which right could not be increased by the

making of any memoranda concerning said book.

"That said sheriff, in endeavoring to make it a rule of his office that the public shall be allowed merely to read said bound book, but the right of inspection ceases there, and is transcended when a pencil note of any kind or any memorandum is made of the contents of said book, is plainly violating the aforesaid act of the Legislature, and is using his office oppressively, to deprive petitioner and others of the right conferred by said Act No. 180.

"That said bound book is a public record, and that the same sheriff has no control over the manner or the result of any inspection thereof, and that the control over same asserted as above renders entirely nugatory the right to inspect. That the interference by said sheriff, through his deputy, with petitioner's inspection of said bound book works him a great irreparable injury and that petitioner is entitled to a writ of injunction forbidding any such interference with the inspection which petitioner proposes to continue.

"Wherefore petitioner prays that John B. Sanders, sheriff of the parish of St. Mary, be duly cited and served with all proper processes; that an injunction issue forbidding him, or Robert R. Cook, chief deputy sheriff, or any other deputy, from interfering in any manner with your petitioner while inspecting the bound book kept under Act 180 of the General Assembly of Louisiana for 1902, for the entry of the names of persons who have paid their poll taxes, together with the dates of payment, and the amount paid, and while making any such memoranda and copies which your petitioner may see fit to make in the course of and in the aid of his inspection of said bound book."

A rule was issued to show cause, and in answer thereto the sheriff, after excepting to the jurisdiction ratione materiæ, which exception, however, he afterwards waived, recognizing that article 109 of the Constitution confers upon the district courts jurisdiction over all matters wherein civil and political rights are in controversy, regardless of amount involved, proceeds as follows:

"That, as averred by the plaintiff, he is the sheriff of the parish of St. Mary, and is

the custodian of all the books required by law to be kept in his office, and is responsible for their safe-keeping and accuracy; that he is conducting his office to the best interest of the people of the parish, and under the sense of the obligation imposed upon him by law to keep the books and records intrusted to his care in an absolutely fair and correct manner.

"Your respondent further shows that under Act 180 of 1902, it is made his duty to keep the books referred to in the plaintiff's petition, and it is likewise made his duty to post in said book, once each week, the names of all persons who have paid their poll tax during that week; that, under the terms of said act, heavy penalties are attached to any failure on his part to keep said book and keep same accurately; and your respondent now avers that the plaintiff herein has inspected this same book time and time again —so much so that if any number of citizens had availed themselves of the right granted by Act 180 of 1902, and had offered to inspect the books as often as the plaintiff herein, your respondent would not have had an opportunity to comply with the provisions of said act, as the books would have been continuously out of his possession.

"Your respondent shows that the plaintiff herein has had every right extended to him that he is entitled to under the provisions of this said act.

"He further shows that this is the busy season of the year in his office, as he is now collecting the taxes for the year 1902, and that large sums of money are being taken into his office every day; and that he avers that, if the injunction herein asked for is granted, it will be a practical turning over of his office to the plaintiff herein, to the great inconvenience and danger of your respondent, and to the great detriment of the public interest; that, if the injunction herein asked for is granted, that he ought not to be responsible for the manner in which his office is conducted, for the money that is daily taken in by his office, nor for the safe-keeping or accuracy of his books, if persons who have no connection with his office are to have the right to have free access to same, to handle and remove them, and to copy or make notes therefrom, without his supervision and control; that the practical effect of granting the injunction herein will be his displacement as sheriff, and the installation of the plaintiff.

"Your respondent further shows that the granting of this injunction would place him in such a position that he could not control the keeping of his own books; that it would practically deprive him of the right to keep and control his own books, and thereby place him in such a position that he could not vouch for the accuracy of his books, and by reason of his failure to keep said books, and to keep them accurately, and in accordance with law, that he would suffer great damage, and possibly be removed from office, which said office and official position is worth to him the sum of $10,000 per year, which he is liable to suffer in damages in case the injunction herein issues.

"Your respondent shows that this suit is not instituted bona fide for the purpose of righting a wrong or preventing an injury, but the injunction herein is sought for the sole purpose of harassing and embarrassing your respondent in the discharge of his official duties.

"Your respondent further shows that he has never refused any citizen the right to inspect said book as provided for in Act 180 of 1902, and whilst he is unwilling, owing to his responsibility for said books, that unauthorized or hostile persons should take charge of said books, yet he stands ready, upon proper application, to furnish a copy showing who have paid their poll taxes."

The district judge refused the injunction, and the plaintiff has appealed. In this court he has filed an affidavit setting forth that the right of inspection in controversy is worth more than $2,500.

Defendant attracts the attention of the court to the fact that the petition does not contain any allegation of value. But this allegation has been fully supplied by the affidavit filed by appellant. Oil Co. v. Town of New Iberia, 47 La. Ann. 863, 17 South. 343; Breaux's Dig. vo. "Appeal," p. 13, No. 25; Louque's Dig. p. 10, No. 14; Hennen, p. 16, No. 3. It is doubtful whether this court would not have had jurisdiction of the matter, even without the affidavit. Sheriff v. Police Jury, 46 La. Ann. 279, 14 South. 521; Const. 1879, art. 11; State ex rel. Mayor v. Judge, 35 La. Ann. 637; State ex rel. Gar-

land v. Theard, Judge, 45 La. Ann. 680, 12 South. 892.

On the merits, the argument of defendant is as follows:

"On the merits of this controversy, the attention of the court is called to the fact that this case was submitted upon the face of the papers (that is to say, the petition and the answer constitute all the evidence upon which the judgment is founded); and it is for that reason we recited at length the main averments of these two papers at the opening of this brief. Under the peculiar manner in which this case was submitted, to wit, the submission upon the face of the papers, and in view of the fact that it is upon the plaintiff that the burden of proof primarily rests, and bearing in mind that every allegation of plaintiff's which is denied by defendant must be considered not proven, and therefore not to exist; that every allegation which is admitted or not denied by defendant must be held to have been proved; and, further, that every allegation in avoidance made by defendant in his answer must likewise be taken as true (for none of them have been denied by plaintiff)—the situation, regarded in this light, discloses that while plaintiff might have an abstract right to inspect the poll-tax book, and in aid of said inspection to make copies of same, still he has not only been allowed every reasonable opportunity to inspect the books, but has taken advantage of the opportunities offered to such an extent as to seriously interfere with defendant in the discharge of his official duties. An analysis of the pleadings, made upon the principles outlined, will disclose this to be the case, beyond all reasonable doubt. It was upon such a state of facts that the judge of the lower court specifically found that the defendant sheriff had shown sufficient cause by his answer to warrant a refusal to grant the relief prayed for.

"It is true that Act No. 180, p. 344, of 1902, specifically prescribes that this poll-tax book shall be open to the inspection of all persons, but that does not mean that the sheriff shall be harassed at all times by the wanton conduct of evil-disposed people, nor that this inspection should be conducted unreasonably, nor that the sheriff should be deprived of the possession of that book to such an extent as to lay him open to the heavy penalties imposed by the act for any failure on his part to keep said book in the manner, time, and form provided for therein.

"An inspection of the transcript will disclose that this proceeding is not bona fide, but was instituted solely to harass and vex the defendant, and to embarrass him in the discharge of his official duties.

"The language of this honorable court in the case of State ex rel. Bourdette v. Gaslight Co., 49 La. Ann. 1556, 22 South. 815, is highly applicable here. We quote from the syllabus:

" 'By "public inspection," as used in this article of the Constitution, is meant, not an inspection of the idle, the impertinent, or the curious—those without an interest to subserve or protect—but the inspection by those with a laudable object to accomplish, or a real and actual interest, upon which is predicated the request for information disclosed by the books.'

"Again, in Legendre & Co. v. Brewing Ass'n, 45 La. Ann. 671, 12 South. 837, 40 Am. St. Rep. 243, the court said: 'But the right to inspect the books is not so absolute that mandamus will issue without regard to facts or circumstances.

" 'The reasonableness of the request should be considered.

" 'Though the right to inspect is the rule, and it is very seldom proper for the officers of the company to refuse to allow the examination, the refusal is justifiable when curiosity is the motive, or when the object is manifestly in opposition to the interests of the company.'

"In other words, plaintiff's right to inspect the books is not an arbitrary one, to be enforced by him in any unreasonable manner he may see fit, but is one to be regulated by circumstances, and with due regard to the rights of others.

" 'While the right of inspection of official records is to be conceded to those having the requisite interest in the subject, it must be executed with due regard to the public interests and the rights of the sheriff.' Scott v. President, 46 La. Ann. 280, 14 South. 521.

"Had the judgment been rendered strictly in accordance with the prayer of the petition of plaintiff, which asks that the sheriff be prohibited from interfering in any manner with petitioner while inspecting the book,

the practical result would have been an ouster of the sheriff from his official position, and substitution of plaintiff himself."

In this argument it is said as follows: "The situation, regarded in this light, discloses that while plaintiff might have an abstract right to inspect the poll-tax book, and, in aid of said inspection, to make copies of same, still, he has not only been allowed every reasonable opportunity to inspect the books, but has taken advantage of the opportunities offered to such an extent as to seriously interfere with defendant in the discharge of his official duties." This would seem to concede to the plaintiff the right to make memoranda or copies from the book in question, which, as we understand, is all that plaintiff is asking, and to this he is clearly entitled. Cook on Corp. vol. 2 (4th Ed.) § 516; Hatch v. Bank, 1 Rob. 470; Thompson on Corporations, § 4421. The right of inspection being statutory and absolute, plaintiff's motive in making the inspection is his own business, and cannot be inquired into. Nor is it any answer that the exercise of the right is liable to cause inconvenience. Id. § 4422.

There can be no question that this right of inspection (including the right to make memoranda and copies) does not carry with it the right to harass or hamper the sheriff in the management of his office; and if the judge suspects that, under cover of the exercise of this right, the plaintiff proposes thus to go out of his way for the purpose of disturbing the orderly conduct of the sheriff's office, he should so hedge in his order as to hold plaintiff down strictly to his legal rights in the premises. Defendant is right in saying that the prayer of the petition is too broad. Plaintiff cannot ask that while he is inspecting said book the sheriff be prohibited from interfering with him "in any manner." His right is to inspect (including the right to make memoranda or copies), but he must do so in accordance with the reasonable rules established by the sheriff for the orderly conduct of the business of his office.

The unqualified refusal of the injunction was error. The judge should have enforced the absolute statutory right of plaintiff to inspect, and the incidental right to make memoranda and copies; at the same time so wording his order as to protect the sheriff

from vexatious interference on the part of plaintiff.

The judgment appealed from is set aside, and the case is remanded, to be proceeded with in accordance with the views herein expressed.

See dissenting opinions of BREAUX and BLANCHARD, JJ., 34 South. 755.