(38 South. 695.)

No. 15,671.

XAVIER REALTY, Limited, v. LOUISIANA RY. & NAV. CO.

(May 22, 1905.)

MANDAMUS TO COURT—WHEN GRANTED.

At the instance of a plaintiff who had obtained an injunction in the district court, the court issued a rule upon defendant in injunction to show cause why he should not be punished for contempt for having violated the injunction. The rule was discharged after hearing evidence adduced. Application was then made to the Supreme Court for a mandamus to compel the judge to enforce the injunction. The proceedings being regularly conducted, and the whole matter falling under the jurisdiction of the trial court, its judgment will not be reviewed by the court, except in some very exceptional cases, of which the present is not one.

(Syllabus by the Court.)

Action by the Xavier Realty, Limited, against the Louisiana Railway & Navigation Company. Application of the Xavier Realty, Limited, for writs of mandamus, prohibition, and certiorari. Denied.

Thomas J. Kernan and William Winans Wall, for relator. Respondent judge, pro se. Carroll & Carroll and Wise, Randolph & Rendall, for respondent Railway & Navigation Co.

Statement of the Case.

NICHOLLS, J. One branch of this case has already been before this court and passed upon in the proceeding No. 15,626 of the docket, entitled "Xavier Realty Limited v. Louisiana Railway & Navigation Company, In re Louisiana Railway & Navigation Company," 38 South. 427, applying for writs of certiorari, prohibition, and mandamus, which has not yet been reported. The issues therein raised and determined will be found in the opinion of the court and the decree therein rendered. For the present purposes, it is sufficient to say that the Xavier Realty, Limited, alleging that it was the owner of and in possession of a large number of squares of ground in the city of New Orleans, enjoined the Louisiana Railway & Navigation Company from trespassing thereon, and also from making embankments and excavations in the contiguous streets contrary to city ordinances. Thereupon the Louisiana Railway & Navigation Company (defendant in injunction) brought suit for the expropriation (for the purposes of its right of way) of 10 of these squares of ground. That suit terminated in a judgment in favor of the expropriation of the lands at the valuation therefor of $14,000, and dismissed the claim for damages as of nonsuit. Thereupon the Xavier Realty Company appealed from the judgment.

The railroad company then moved in the injunction suit to have the injunction dissolved as to the 10 squares which had been

expropriated, averring that payment had been made of the $14,000, and that it had made a tender of all costs. The Xavier Company did not controvert the alleged payment and tender, but insisted that, if the railroad company was permitted to take possession of the streets and destroy access to the remaining squares, the values of those squares would be depreciated to an extent of more than $2,000, and that such damage could not be inflicted until first judicially ascertained and paid, and that it had appealed from the judgment in the expropriation which had nonsuited the claim for damages.

The district court dissolved the injunction absolutely as to the 10 squares of ground, and, in so far as the injunction restrained the railway company from placing embankments in and upon the streets abutting on said squares, the court ordered its dissolution, on bond being furnished in favor of the Xavier Realty Company for the sum of $9,000.

The latter company thereupon moved for a suspensive appeal, and, the trial court having expressed an intention of granting the same, the Louisiana Railway Company applied to this court for writs to restrain it from doing so. For reasons assigned in our opinion, that application was refused.

It is now alleged that the application which had been referred to (of the Xavier Realty for a suspensive appeal from the order of the court which had been granted authorizing the bonding of the injunction) was in point of fact allowed on its furnishing an appeal bond for $800, and that the appeal bond was executed, and that the effect of the suspensive appeal was to continue in force and full effect the injunction as originally rendered. After this appeal bond was executed, on the suggestion made by the Xavier Realty Company that on April 17, 1905, without its consent, the Louisiana Railway Company, through its general agent,

had made forcible and fraudulent entry upon the lands involved in the injunction proceedings, and disturbed it in its peaceful possession, and with a large force of laborers was still continuing to cut down lumber, clear the right of way, and construct the railroad's right of way in and upon said lands and place obstructions in, upon, and across the streets named in the petition for injunction, all in flagrant violation of the injunction which had issued and in contempt of the court's order, a rule issued from the court upon the railway company to show cause, if any it had, why it should not be punished for contempt.

On trial of the same, it was discharged by the district judge. The present application followed, in which all the antecedent proceedings referring to the subject-matter were set out, and also the averment of subsequent facts which we have referred to was made. Relator avers that the rule for contempt was discharged, notwithstanding the fact that the commission of the acts constituting a flagrant violation of the injunction was abundantly proved, and was admitted by the parties. Relator insists that defendants in injunction have taken possession of its property, and are proceeding to construct their railroad thereon and commit the other acts, the commission of which were specifically enjoined.

The prayer of the present application is that writs of mandamus, prohibition, and certiorari issue, and that the district judge be ordered to enforce the injunction, which had issued in its entirety, by preventing the Louisiana Railway & Navigation Company from entering upon or in any way disturbing relator in its possession of the property described in the petition, and from constructing or attempting to construct any line of railroad thereon, and from raising any embankments or making any further excavations in the streets described in the petition, and from using the earth from any of said streets, and to punish for contempt the said

Louisiana Railway & Navigation Company for all acts that they have done or may hereafter do in violation of relator's rights to possess said property, or an invasion of said property, or the taking possession thereof by or on behalf of said Louisiana Railway & Navigation Company, and that he be prohibited from rescinding said injunction.

### Opinion.

In answer to the rule served upon the district judge to show cause why the writs prayed for should not issue, he assigns, as reasons why the application should not be granted, that—

"Relator has not made one allegation in his petition on which to base a writ of any description. Relator has not alleged:

"First. That it has complied with paragraph 2, Rule 12, of the Supreme Court (21 South. xi), and the fact is that it has not complied with such rule. State ex rel. Grenier v. Judge, 109 La. 267, 33 South. 309.

"Second. 'That the proceedings are infected with some fatal irregularity, rendering them absolutely void, such as want of citation, or refusal of a hearing, and the like.' On the contrary, the petition shows that relator itself instituted the proceedings, had the rule fixed for trial, proceeded regularly with the trial thereof, and asked that the rule be made absolute.

"Third. 'That the jurisdiction of the cause did not belong to the court which assumed it, but to a different court.' On the contrary, the petition shows that relator invoked the jurisdiction of this court, and it further shows that this court is alone vested with jurisdiction of the matter.

"Fourth. 'That the cause is of a nature, jurisdiction of which is denied to any court, because not within the limits of judiciary power.' There was no place for this allegation.

"The Supreme Court say, in State ex rel. Patton v. Houston, 40 La. Ann. 394, 4 South. 51, 8 Am. St. Rep. 532, 'To obtain the relief sought herein under the writs of certiorari and prohibition, the rules imperatively require that relator shall establish one of three things,' just enumerated under the numbers 2, 3, and 4.

"There is but one single allegation in relator's petition which refers to respondent in any manner. It is, in effect, that respondent erred in deciding the cause by discharging the rule for contempt. If such error was committed, it was in the discharge of respondent's duty as judge of the court wherein he presides, sitting in a cause within the jurisdiction of that court, after a full and fair trial, the hearing of witnesses and of counsel, and due consideration being given to the matter.

"The court said in State ex rel. Millaudon v. Judge, 105 La. 314, 29 South. 724:

"'A writ of mandamus will lie to and require cognizance to be taken of an issue, but it will not seek to control a judge in deciding the issue.'

"And again, in State ex rel. N. O. & C. R. L. & P. Co. v. Judge, 110 La. 726, 34 South. 752:

"'Upon the whole, as a matter of reason as well as of authority, our conclusion is that the determination of the question * * * involves the exercise of a judicial discretion vested in the district judge, and that his action in the premises is not reviewable by mandamus.'

"Decisions in line with the above will be found noted in Taylor's Digest, §§ 7, 10, 13, 14, 15, and 25, pp. 173, 174, and 175.

"Relator in its prayer asks specifically for relief in the following particulars:

"(1) That respondent 'be ordered to enforce the injunction issued (December 10, 1904) as above set forth, in its entirety, by preventing the Louisiana Railway & Navigation Company, its employés or contractors, from entering upon or in any way disturbing relator in its possession of the property described in the petition, and from constructing or attempting to construct any line of railroad thereon.'

"There is no allegation in relator's petition that respondent has failed or refused to enforce the preliminary injunction issued in this case on December 10, 1904, in its entirety, or to any degree whatever. And the fact is that the court recognizes (and so declared openly on the trial of the rule for contempt) that that preliminary injunction was in full force and effect, and that the terms thereof must and should be obeyed. It was also true that defendant moved, and the court ordered, a partial dissolution of that injunction on bond, but defendant did not furnish the bond, because plaintiff took a suspensive appeal from the order dissolving same; and the preliminary injunction was therefore in full force and effect, the same as if the motion to dissolve had never been made.

"Respondent has not done, and will not do or fail to do, any act which will tend to lessen the force and effect of the preliminary injunction issued on December 10, 1904, until after trial of the cause on the merits. And on the trial of the rule for contempt, the evidence showed that defendant, the railway company, had not up to that time violated the terms of the injunction.

"(2) Relator next asks that respondent 'be mandamused to punish for contempt the said Louisiana Railway & Navigation Company and John A. Saxton for all acts that they have done, or may do, constituting a violation of petitioner's right to possess said property, or an invasion of said property, or the taking possession thereof by or on behalf of said Louisiana Railway & Navigation Company.'

"Respondent repeats that after a full hearing he is of the opinion that the defendant railway company has done no act in violation of the injunction referred to.

"Respondent adds that if said railway company has done, 'or may' do hereafter, anything in violation of the preliminary injunction, and it is properly brought to the attention of the court, all parties will be heard, and, if found guilty, the railway company will be punished for contempt, without the issuance of a mandamus now to that effect.

"Relator goes far beyond the terms of the injunction when he asks for a mandamus to compel respondent 'to punish for contempt the said Louisiana Railway Company and John Saxton for all acts they have done, or may hereafter do, constituting a violation of petitioner's right to possess said property, or an invasion of said property, or the taking possession thereof by or on behalf of said Louisiana Railway & Navigation Company.' In its original petition to this court relator asked for an injunction to prevent the railway company 'from attempting to expropriate any portion thereof for such purpose,' referring to the land described in the petition to be used for railroad purposes, and the court refused such preliminary injunction. The court could not enjoin the institution of expropriation proceedings, that being a legal right since 1855, and a constitutional right since 1879.

"Respondent adds, although it forms no part of this return, that the evidence introduced and filed on the trial of the rule for contempt showed, in part, that the railway company did file expropriation proceedings against relator, and that there was judgment in its favor; that the judgment had been executed in accordance with the terms of article 2634, Civ. Code (Rev. St. 1483); and that the corporation was entitled to the right, title, and estate of the plaintiff in and to 10 squares of the land described in the petition, 'in the same manner as a voluntary conveyance would do.' The taking possession as owner in accordance with law was not, in the opinion of the court, a violation of the preliminary injunction, and the railway company was not, therefore, in contempt of court. The evidence also showed that defendant had not gone upon the streets mentioned in the original petition for any purpose whatever."

The application for writs of mandamus, prohibition and certiorari should be denied.

The district judge, at the instance and on the application of the relator itself, issued a rule, the object and purpose of which was to ascertain whether or not the Louisiana Railway & Navigation Company had failed to comply with or had actively violated the order of injunction which the court had issued, and, if so, to bring to bear its power and authority in the premises for the enforcement of the order. In entertaining relator's application for a rule, examining into the matters complained of, and passing upon them, the court was acting within its jurisdiction. We fail to find any illegality in the proceedings themselves, or any failure by the judge to perform any duty imposed upon him by law. We have on a number of occasions said that we will not coerce a judge by mandamus to render a particular judgment when he has acted judicially upon the issues submitted to him and pronounced a different judgment. The facts of the particular case which would justify us in departing from that rule would have to be very exceptional. The present one presents no such exceptional features. See State ex rel. Glancey v. St. Paul, Judge, 113 La. 1066, 37 South. 972.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the orders which have been herein granted be set aside, and that relator's application be rejected and dismissed, with costs.