## John K. West v. His Creditors.

The State tribunals were not deprived, by the bankrupt law of 19 August, 1841, of any portion of their jurisdiction, necessary to the final administration of the estates of insolvents who had made a surrender of their property previous to its passage. A State court, in which a surrender was made, has authority to decide, between the syndic of the creditors under the cession in the State court, and an assignee subsequently appointed by the United States Court under the bankrupt act, the right to property alleged to have been ceded under the State law, but afterwards placed on the schedule of the debtor, on his application to be declared a bankrupt.

APPEAL from the District Court of the First District, *Buchanan, J.*

GARLAND, J. This case was before us in February last, (4 Robinson, 88,) and remanded for the purpose of permitting E. A. Bradford, assignee of West, the bankrupt, to become a party, and of proceeding to the trial with him according to law. The facts of the case are detailed in the opinion then given. After the rendition of that judgment, the counsel for the syndic of West moved, that Bradford, the assignee, appointed by the Judge of the United States Court, together with John L. Lewis, the Clerk of the Dis-

trict Court of the First District, in whose possession the certificate in controversy is, show cause why the same should not be delivered to said syndic, to be administered for the benefit of those who were creditors at the time of the cession of his property, in 1821. Bradford, in reply to this rule, stated, first ; that the court was without jurisdiction of the subject matter, as the act of Congress had clothed the District Court of the United States, with exclusive jurisdiction of all claims for property, or debts against the assignee of a bankrupt, and the State tribunal has no authority to act in the premises. Other grounds were also stated not necessary to be noticed now, as the exception to the jurisdiction was sustained. From the judgment dismissing this proceeding for want of jurisdiction, the syndic of West has appealed.

The Judge of the District Court has given no reasons for his judgment, nor has the assignee furnished us with any argument, or authority, to sustain it. He says, in his brief, that, under previous decisions, and what is now considered to be the settled practice of this court, the decision below is correct. " The appellee, therefore, thinks it unnecessary to offer any argument on the point." On what decisions of this court the counsel relies, we cannot conceive, being ourselves certain that none given by us, in relation to the bankrupt law, touch the question.

In December last, the assignee of West was clamorous for admission into the State tribunal, for the purpose of having a hearing ; and after succeeding, by a judgment of this tribunal, he turns about and avers that the court have no authority to pass judgment on him. If this be true, why come into the court all? If the tribunal had no jurisdiction *ratione materiæ,* any judgment it might render would be a nullity, and need not have been noticed by the defendant in the rule.

In this case, the certificate in controversy was not in the possession of the bankrupt, at the time he presented his application to be so declared. It has never been in the possession of the assignee, but is, in fact, in charge of the Clerk of the District Court, where it was brought by a public officer under the order of that court ; and because West thought proper to put it on his schedule, the assignee conceives the title to it is vested absolutely in him, and that another party, who sets up a claim under the order of the

State Court, is to go into the United States Court to have it passed upon.   This Court has never decided, nor did we ever suppose, that the State tribunals were deprived of any portion of their jurisdiction necessary to finally administer the estates of insolvents, who had surrendered their property previous to the bankrupt law. We see nothing in the 6th and 8th sections of the bankrupt law, nor in any other part of it, that deprives the State tribunal of its jurisdiction in the present case.

The judgment of the District Court is, therefore, annulled and reversed, and this cause remanded for further proceedings according to law ; the appellee paying the costs of the appeal.

*L. C. Duncan* and *A. Hennen*, for the appellant.

*Grymes*, contra.