HARVEY BEACH *v.* MILLER'S TESTAMENTARY EXECUTORS et als.

15    601
f122    602

Decision in the case of *Linton* v. *Stanton*, 4th An., affirmed.

The validity of a decree by the United States Court, giving a discharge in bankruptcy to a debtor, under the Act of Congress approved August 19th, 1841, cannot be questioned, if the certificate has not been impeached for fraud, and the debt in question is not of that fiduciary class which is saved from the operation of the Act.

Rights vested in creditors by a *cessio bonorum,* so far as they relate to the property ceded, are unaffected by subsequent proceedings of the insolvent, in causing himself to be declared a bankrupt under the Act of Congress of August 19th, 1841. But the 8th Section, Art. 1st, of the United States Constitution, provides that Congress shall have the power to establish "uniform laws on the subject of bankruptcy throughout the United States"; this power was specially delegated to Congress, and only reserved by the several States in so far, and so long as Congress did not see fit to exercise it. The moment Congress exercised the power the State laws on the subject became inoperative and were suspended.

APPEAL from the District Court of the Parish of St. Martin, *Simon,* J.
*Simon & Gary,* for plaintiff and appellant. *Dupré & Garland,* for defendants.

DUFFEL, J. The plaintiff alleges that *John F. Miller* made a surrender of his property, which was accepted, for the benefit of his creditors, by the Judge of the Fifth District Court of New Orleans, in February, 1841; that syndics were appointed, and a final account and tableau of distribution was rendered, and the syndics discharged in January, 1854; that the petitioner's claim was put down in the schedule, but he did not share in the distribution; that said *Miller* subsequently acquired property to a large amount, which is now under the administration of his testamentary executors. (*Miller* died in 1857). The petition concludes by demanding that his claim be classed among the debts of the estate, contradictorily with the executors and the universal heir and legatee under the will.

Various pleas are set up in defence, among which we will notice the principal one.

The defendants plead, in bar of the action, a discharge in bankruptcy, obtained by *John F. Miller* in the United States District Court for the Eastern District of Louisiana, on the 31st of October, 1842, under the Act of Congress approved August 19th, 1841, entitled "An Act to establish a uniform system of bankruptcy throughout the United States." United States Statutes at large, vol. 5, p. 440.

This plea was sustained by the District Court in an elaborate and conclusive opinion. The plaintiff appealed.

The counsel of the plaintiff contend: 1st, That as *Miller* made before our State court a surrender of all his property, and as, under our State laws, (section 28 of the Insolvent Act of 1817, re-enacted in 1843, and C. C. 2173,) any one creditor may force a new cession of property, all the old creditors of the insolvent acquired a vested right on all the future property of their debtor, which cannot be impaired by a subsequent surrender under the Act of Congress; 2d, That the judgment of discharge cannot avail the defendants, as the formalities of law were not complied with, the assignee did not furnish *bond and security,* the creditors never proved *their debts, nor were they called to do so,* the decree of notice to

76

creditors to obtain the discharge was *given by the Deputy Clerk*, and the designation of the newspaper was simply " in a newspaper in the district," *no personal notice was made.*

The decree of discharge is as follows :

" *John F. Miller* v. *His Creditors and the Creditors of Jonas Marsh & Co.*—In Court, October 31st, 1842.—Decree of discharge.—Present : *T. H. McCaleb.*"

" *John F. Miller*, of New Orleans, having presented his petition praying to be discharged in full from all his debts individually, and as member of the firm of *Jonas Marsh & Co.* of the parish of St. Martin, Attakapas, and for a certificate of such discharge, pursuant to the Act of Congress entitled "An Act to establish a uniform system of bankruptcy throughout the United States," passed August 19th, 1841 ; and it being shown, to the satisfaction of the court, that the said bankrupt has *bona fide* surrendered all his property and rights of property, and that he has fully complied with and obeyed all the orders and directions which have from time to time been passed by the court, and has otherwise conformed to all the requisites of the said Act; that proof of publication, according to the rules of this court, has been duly made, and notice given to the creditors ; and it further appearing, that no written dissent to the bankrupt's discharge has been filed by a majority, in number and value, of his creditors, who have proved their debts, and no opposition whatever has been made, no cause being shown to the contrary, why the prayer of the petitioner should not be granted.

" It is, therefore, by virtue of the Act aforesaid, ordered and decreed by the court, that the said *John F. Miller* be, and he is accordingly hereby fully discharged of and from all his debts owing by him at the time of presentation of his petition to be declared bankrupt, to-wit, on the 2d day of July, 1842. It is further ordered, that the Clerk duly certify a copy of this decree under the seal of this court, and deliver the same to the bankrupt, when demanded.

(Signed)                    TH. H. McCALEB, U. S. Judge."

This court had occasion to pass on similar objections, we allude to the second ground, and maintained the validity of the discharge ; we will therefore simply refer to the case, *Linton* v. *Stanton*, 4 An. 402, as a full answer with the simple addition, which we extract from that case as being applicable to the present one "as the certificate has not been impeached for fraud, and as the debt in question is not of that fiduciary class which is saved from the operation of the Act, we may here dismiss the question of the validity of the proceedings and decree of the bankrupt court."

We fully subscribe to the proposition that vested rights cannot be impaired, and that the rights vested in the creditors by a *cessio bonorum*, as relate to the property ceded, are unaffected by subsequent proceedings of the insolvent, in causing himself to be declared a bankrupt under the Act of Congress of August, 19th, 1841. *Dwight, Syndic*, v. *Simon et al.* 4 An. 490 ; *West* v. *His Creditors*, 5 Rob. 261 and 8 Rob. 123 ; sections 9 and 10 of Article 1st of the United States Constitution. But the 8th section of Art. 1st of U. S. Const. provides that Congress shall have the power to establish " uniform laws on the subject of bankruptcies throughout the United States." Thus this power was specially delegated to Congress, and only reserved by the several States in so far, and so long, as Congress did not see fit to exercise it. The moment Congress exercised the power, the State laws on the subject became inoperative, were suspended. *Sturges* v. *Crowninshield*, 4 Wheaton 122, or 4 Curtis 362.

Hence we conclude, that *Miller* was fully discharged by the decree of the 31st October, 1842, and that his estate cannot now be held liable for any debt contracted prior to the 2d of July, 1842.

Judgment affirmed.