InsnEY, J.
This case presents the first application by this tribunal of the act of Congress, approved 2d March, 1867, entitled ‘‘ an act to establish a uniform system of bankruptcy throughout the United States.”
By the 50 th section of that act, it is in force for certain purposes from the date of its approval.
The legal effect of this exercise by Congress of a power vested by the Constitution of the United States, is to repeal the insolvent laws of each particular State. Sturges v. Crowninshield, 4 Wheat. 122; Clarke v. Rosemba, 5 Rob. 27; Beach v. Miller, 15 An. 602. Story on the Constitution, l 1114.
And this well-settled doctrine received a legislative sanction in Louisiana by the act of the 27th March, 1843, to revive the insolvent laws of Louisiana, an act passed immediately after the repeal by Congress of the United States Bankrupt Act of 1841.
Has this Court jurisdiction to decree, as it is asked to do by the appellant, that this cause be remanded to be proceeded with as a cessio bonorum, notwithstanding the repeal of the State insolvent laws ?
The proceeding in the lower Court commenced by an application on the part of the plaintiffs, Meekins, Kelly & Co. for a respite, and the present appeal is taken by an opposing creditor from a judgment of the District Court, rendered in January, 1866, granting the respite.
Aa examination of the vote given at-the meeting of creditors, and a comparison of that vote and the schedule filed, have failed to satisfy us that there has been a legal majority in favor of the respite, and the proceedings resolved themselves instantaneously into a cessio bonorum, which was accepted; and the acceptance of the cession vested all the property of the debtors in their creditors, and proceedings continue as if the cession had been offered in the first instance. Art. 3065, La. Code. Arcenaux v. His Creditors, 3 La., p. 38.
In the case of West v. His Creditors, 5 Rob. 261, the doctrine is clearly announced, that the State tribunals were not deprived by the United States Bankrupt Law of any portion of their jurisdiction, necessary to the final administration of the estate of insolvents who had made a surrender previous to its passage, and we consider this the settled jurisprudence of the State. 8 Rob. 123. 4 An. 490. 15 An. 602. And that it is as applicable to the United States’ Bankrupt Act of 1867 as to that of 1841, to which last act of Congress the decisions refer.
*498 It is therefore, for the reasons assigned, ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed ; it is further ordered, that the case be remanded, and that proceedings therein continue as if the cession had been offered in the first instance by the plaintiffs, costs in both courts to be paid by the insolvent estate.
Rehearing refused.