No. 1548.—F. M. Fisk *v.* R. M. Montgomery.

An application for a new surrender of an insolvent is a new suit and not a continuation of the first proceedings against the insolvent, and if not brought until after the passage of the bankrupt laws by the United States, cannot be entertained by the State courts.

The passage of the general bankrupt laws by the United States superseded all State insolvent laws. 19 An. 497.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. T. A. Bartlette,* for plaintiff and appellant. *G. L. Bright,* for defendant and appellee.

HOWELL, J. This suit was brought in June, 1866, to compel the defendant " to make a *new* surrender of his property for the benefit of his creditors according to law ;" was put at issue, and when called for trial on sixth November, 1867, the defendant pleaded the peremptory exception that Congress having adopted a general bankrupt law, the insolvent laws of this State are thereby superseded and no State law now exists to sustain the action. This exception was maintained and the plaintiff has appealed. He contends that the jurisdiction of the Fifth District Court over the subject matter had fully vested, and was not divested by the subsequent passage of the bankrupt law, and he cites, in support of this position, the cases of West *v.* His Creditors, 5 R. 261 ; 8 R. 123 ; Dwight *v.* Simon, 4 A. 493 ; Makins *v.* Their Creditors, 19 A. 497.

These cases go no further than to maintain the jurisdiction of the State courts where the surrender had actually been made and the insolvent *proceedings* were pending when Congress passed the bankrupt laws. Here the proceeding is to force a *new surrender* and before the surrender is ordered, the law under which it can be made and conducted is superseded or suspended (15 A. 602), and consequently the judge *a quo* did not err in dismissing the action to force the surrender which is authorized by the Code, admitting that any of the articles of the Code on the subject of the cession of property are now in force.

This suit cannot correctly be considered a continuation of the suit of R. M. Montgomery *v.* His Creditors, but is a new suit based on a course of action alleged to have arisen since the surrender was made, and is in express terms for a new surrender.

Judgment affirmed.