The opinion of the court was delivered by
Blanchard, J.
The relator seeks by mandamus to compel defend-ant company to permit him to inspect its books.
He alleges himself to be a citizen of the State and a shareholder-in the capital stock of the company. As such, he claims the right to inspect and examine those books of the company that record the amount of the capital stock subscribed, the names of owners of' stock, the amounts owned by them respectively, the amount of, stock paid and by whom, the transfers of stock and the dates-thereof, and the assets and liabilities of the company. The averment is made that he applied to the officers of the company and the custodians of its books for permission to examine the same and was refused it. He represents that the right to examine the books is a-valuable one to him, that it is guaranteed by the Constitution of the State, and is necessary to the transaction of his business.
He prays that the president of the company and its secretary, wIkd are alleged to have possession and control of the books, and whose-duty it is to open the same for his inspection, be commanded to'do so.
The alternative writ duly issued, and for cause why the same;should not be made peremptory, the president and secretary pleaded as exceptions:
That the petition discloses no cause of action.
That there was a misjoinder of parties, the president alone being-the official, if any, against whom the suit should be brought.
That no proper demand was made for inspection of the books.
That, with regard to the demand which was made, no action on. the same was taken, there was no refusal thereof and the suit is; premature.
Answering to the merits they pleaded, in substance:
That Art. 245 of the State Constitution, invoked by relator,.has, *1558 no application for the reason that it is not self-acting, and that no legislative enactment giving effect to same exists.
That if said article is operative and effective, it is only so to the extent of enforcing the location of a public office for the company where the books and records are to be kept, and does not affect the control of the affairs of the corporation as provided for by its pre-existent charter and regulated by the general law in operation when the Constitution was adopted.
That the construction contended for by relator is violative of the obligation of contract as implied in the charter of the company and the laws then in force, and contravenes Sec. 10 of Art. 1 of the Constitution of the United States, as well as the provisions of Art. 155 of the State Constitution.
That, in any event, the right claimed under Art. 245 is not absolute, and a just and reasonable motive and purpose must be alleged and shown, and it is denied that the case presents such.
All of these defences were held insufficient in the court below, and so they must be here.
Article 245 of the Constitution secures to the relator the right he claims.
Being a shareholder, and representing that the right to examine the books was valuable to him and necessary to the transaction of his business, and that this right had been denied by the principal officers of the company, he sets forth a cause of action within the purview of the constitutional provision.
It is an elementary canon of construction that the plain letter of a law must not be departed from under pretence of pursuing its spirit. Art. 245 not only requires that all corporations doing business in the State must maintain an office here, but explicitly declares that books exhibiting certain enumerated affairs of the- corporation “ shall be kept for public inspection.”
By “public inspection” is meant not the inspection of the idle, the impertinent, or the curious — those without an interest to sub-serve, or advance, or protect. It was never contemplated that any and everybody, as the whim may seize him or them, should be permitted to walk into the office of a company or corporation and pry into its affairs. But a shareholder or other person with a laudable object to occomplish, or a real and actual interest upon which to *1559 predicate his request for information disclosed by the books, is given by the fundamental law itself the right to inspect them.
Nor. is this article one requiring legislative action to render it effective. Its terms are so plain and explicit, its meaning so precise, its directions so mandatory, its purpose so apparent that it must be held to be self-acting.
The evidence establishes that the relator made personal application at the office of the company for examination of the books and was told by the official he found in charge that the president of the company had given instructions no inspection of the books by shareholders was to be allowed.
Following this, formal demand in writing was made by counsel representing the relator upon the secretary of the company for permission for him to examine the books. This demand was not acceded to, and it does not avail defendant now to urge that no proper demand was made, or that the suit is premature. It were useless for relator to proceed further with the demand to see the books after ascertaining that the president of the company had given instructions not to exhibit them to any one. It appears, too, that immediately subsequent to the institution of this action the president sent for the relator, and while explaining his position persisted in the refusal to open the books to him.
The motive impelling relator to seek an inspection of the books is fully disclosed in the testimony — was drawn out on his cross-examination by counsel for defendant. It showed sufficient reason for his request, as well as commendable prudence and business sagacity in seeking information to determine the present value of his holdings and to guide his future action in reference to the stock of the company.
No better way of safeguarding the interests of the public can perhaps be devised, or one that may be so easily and readily applied, as the right to the frequent, sudden and speedy examination of the books of corporations in the stock or shares of which investors and speculators are invited to trade.
The recognition of this fact attests alike the wisdom and purpose of the framers of the Constitution.
The question here presented was virtually passed upon in Legendre vs. Brewing Association, 45 An. 669, and adversely to the pretensions of defendant corporation herein. See also State ex rel. Martin *1560 vs. Bienville Oil Works, 28 An. 204; Cockburn vs. Union Bank, 13 An. 289.
In the United States the prevailing doctrine appears to be that the individual shareholders in a corporation have the same right as the members of an ordinary partnership to examine their company’s-books, although they have no power to interfere with the management. Morawetz Corp., par. 473.
This doctrine obtains with all the more force in. this State by reason of its recognition in the Constitution itself.
We have given due consideration to the contention of defendant that the construction of the constitutional provision insisted on by relator is violative of the obligation of contract as implied in the charter of the company and the laws in force at the time of its adoption, without, however, being able to concur in the conclusions of the company in this regard.
Judgment affirmed.