The opinion of the court was delivered by
Blanchard, J.
This is an appeal from a decree maintaining an exception of no cause of action and dismissing the demand of the plaintiff as in case of non-suit.
Eor the purpose of the trial of the exception the allegations of the petition are to be taken as true.
The question, then, is do they disclose in law a cause of action, and was the plaintiff entitled to administer proof in support of same?
The demand is for $5800 damages.
The cause of action as set out in the petition is, substantially, as follows:—
Plaintiff is a large holder of stock in the New Orleans Gas Light Company. His holdings- at this time aggregate 560 shares. In February, 1897, he was a large holder of this stock — owning then 398 shares.
*1334 Defendant is president of the Gas Company, and was its president through the year 1897. As such he was and is the custodian of the books of the company. ,
In February and March, 1897, and at various other times in that year, plaintiff, being a stockholder, claimed the right to inspect the books of the company. He made demand repeatedly upon the president to be permitted access to the books for this purpose. It was refused him.
He, thereupon, applied for a writ of mandamus to compel defendant to accord him this right of inspection. Defendant resisted the application, and stubbornly contested it through the District Court and this court.
The judgment of both .courts was favorable to plaintiff and the writ was made peremptory. 49 La. Ann. 1556.
Defendant still resisted, raising questions of the construction, scope and effect of the judgment. •>
A rule for contempt became necessary, was taken, and on trial was made absolute. But the delays resulting had brought the time down to January, 1898, before plaintiff was finally accorded full access and right of inspection of the books.
It is averred the information sought from the books was necessary to enable plaintiff to determine whether at that time — in February, March and June, 1897 — lie would sell his stock or buy more; that if he had then obtained the information which an inspection of the books would have disclosed, he would have sold his stock at the then ruling prices, and would not have bought more stock; that being denied access to the books and thus failing to obtain the information so necessary to intelligent action on his part in reference to the stock he held and other proposed dealings in stock, he did not sell his then holdings, but on the contrary bought other shares; and that had the right of inspection he demanded been accorded, his action would have been, based on the disclosures of the books, to sell his stock, for which he could at that time have obtained in the market $129 per share, whereas he has not been able, since the books were opened to his inspection, to obtain more than .$112 per share. .
That an inspection of the books would have apprised him the president of the company (defendant herein), several of the directors and other large holders were selling their stock; that such information *1335 would have determined him to sell his holdings and to buy no more at that time; and that he would thus have been saved the loss which he sustained by the ensuing depreciation in the value of the stack.
That the books would also have furnished the information that the president had, within the few years then last passed, expended $50,000 of the company’s funds, which sum was not accounted for, and that this circumstance would also have determined him to sell his stock and not to purchase other shares.
From these averments it appears that plaintiff’s contention is he was damaged in two ways. First, that for want of information, knowledge and facts illegally denied him, he did not sell certain shares of stock and thereby lost a profit on the same; and, second, that by reason of his being kept in ignorance of salient faets through the denial of inspection of the books, he purchased other shares of stock which proved to be worth greatly less than the price paid, and which he would not have bought had his right of inspection not been denied.
In effect, he .charges he was put in a false position by the 'act of defendant and loss ensued to him as the direct consequence of this act or omission of duty on part of defendant.
In effect, further, he charges that if defendant had not suppressed the information, the additional stock would not have been purchased, and that the consequent loss is the defendant’s and must be borne by him. It is an allegation of the violation of right and duty by defendant, which act, constituting the violation, injured plaintiff in just so many dollars.
The impossibility of the proof of this does not appear with certainty, and plaintiff should have, at least, been given the opportunity to prove it by going to trial on the merits.
What will be the final outcome of the ease will depend on the proof administered and on the character of the damages suffered, whether sufficiently direct and proximate to warrant recovery, or too remotely consequential, speculative or uncertain to justify it.
But the exception should not have been sustained; plaintiff should not have been thus cut off at the threshhold of his case.
Let the case go to trial on its merits; let’s see what the testimony discloses.
It may be plaintiff may show (if it be, competent for him to do so under the averments, as to which we express no opinion) that the de *1336 fendant was informed, when he denied the plaintiff the right of inspection, when he thus suppressed the information to which plaintiff was entitled, the latter proposed to buy stock and that if the price went down he would hold defendant for the difference.
If this proof be administered, whether or not it will warrant a judgment for damages we do not now determine. But it would be matter more properly determinable by final judgment on the merits than upon consideration of an exception of no cause of action.
One of the contentions of defendant is that plaintiff still holds all of his shares of stock, has disposed of none, and as a consequence he has, as yet, suffered no loss, and non constat that he will suffer any.
There seems to be no allegation of the petition upon which this contention is based, and no evidence appears in the record to that effect.
But if this be so, and whether, if it be true he still holds his stock,that fact precludes recovery even though there be proof of depreciation of value, it is matter -of law which were better decided after trial on*the merits, with all the proof in, than now. See Byrne vs. Bank, 9 R. 434.
■ The legal right of a stockholder of a corporation to examine the corporate books is a right which gives him a cause of action at law for damages against the corporate officers if they refuse to allow the inspection.
Cook on Corporations, Vol. 2, §512; State ex rel. Bourdette vs. New Orleans Gas Co., 49 La. Ann. 1556.
For every invasion of right there is a remedy, and that remedy is compensation for loss' sustained. Here there was an invasion of plaintiff’s right when defendant refused access to the books.
It is ordered and decreed that the judgment appealed from be avoided and reversed, and it is now adjudged and decreed that the exception of no cause of action be overruled, and that this cause be remanded to the court a qua for further proceedings according to law.
Monroe, J., takes no part.