LAND, J.
In September, 1908, relator filed his petition in the district court, Parish of Terrebonne, praying for a respite of four, eight, and twelve months. The court thereupon ordered a stay of proceedings and the convocation of a meeting of creditors to consider the question of granting the respite as prayed for by the relator. The creditors met, and almost unanimously voted against granting the respite, and recommended the appointment of a syndic, without bond, to administer the property of the relator under the state insolvent laws. Relator opposed the homologation of the proceedings of the creditors’ meeting on various grounds, one of which is that the state insolvent laws have been suspended by the enactment of the national bankrupt act (act July 1, 1898, e. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. *601 3418]). The district judge rendered judgment homologating the proceedings, and appointing a syndic on his giving bond in the sum of $2,500. Relator moved for and was granted an appeal, suspensive and devolu-tive, returnable to this court on January 4, 1009. Relator perfected his devolutive appeal by giving bond. Later, the district judge appointed a provisional syndic vice the syn-dic who had refused to qualify, and ordered a meeting of the creditors to elect a definitive syndic. Relator applied for a suspen-sive appeal, which the district judge refused to grant. Whereupon the relator applied to this court for writs of certiorari, mandamus, and prohibition.
The facts are not disputed. The proceedings and decrees below seem to have been based on the theory that the relator by his application for a respite had estopped himself to plead the national bankruptcy act. The question is not one of estoppel, but whether the relator can be proceeded against under the insolvent laws of the state. There can be but one answer, and that is in the negative.
It has been held by this court that the respite and insolvency laws are perfectly distinct. The former rests upon the apparent solvency of the debtor, and are not suspended by the general bankruptcy laws of the United States. Anderson v. His Creditors, 33 La. Ann. 1155. This proposition is correct,- with the reservation that the respite proceedings be not merged into a cession of the property of the debtor as provided in case of the refusal of the majority of the creditors in number and amount to grant a respite. Civ. Code, art. 3098. In such a contingency, this article provides for the cession of the property of the debtor to his creditors as in the ordinary case of a voluntary surrender under the insolvent laws of the state. Civ. Code, arts. 2170, 2184.
It is hornbook law that the enactment of a general bankrupt act by the United States suspends the operation of all state insolvent laws. Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 524; Beach v. Miller’s Executors, 15 La. Ann. 602; Meekins, Kelly & Co. v. Their Creditors, 19 La. Ann. 497; Fish v. Montgomery, 21 La. Ann. 446; also Cyc. 240, 241.
Hence the proceedings below, in so far as they tend to enforce the insolvent laws of the state of Louisiana against the relator and his estate, are mere nullities. The proceedings should have terminated with the refusal of the creditors to grant the respite prayed for by the relator, as there is no state law now in force to compel a cession of his property to his creditors. Their remedy is-by .ordinary suit or by proceedings under the federal bankrupt law of 1898.
It is therefore ordered that the decree ho-mologating the proceedings of the meeting of creditors be restricted to their action in refusing the respite prayed for by the relator, and that in all other respects the said decree and all subsequent proceedings, orders, and decrees herein be vacated and annulled, and that the respondent judge be prohibited from enforcing said orders and decrees and from further proceedings in this cause.