No.———

First Circuit

BANK OF KAPLAN v. RICHARDS

(June 28, 1927. Opinion and Decree.)
(October 6, 1928. Rehearing Refused.)
(February 13, 1928. Affirmed by Supreme Court on Writ of Certiorari and Review.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Corporations—Par. 46, 115, 117.**
The purchaser at a receiver's sale of the credits of a corporation, not being given the right to sue for the unpaid amount of a stockholder's subscription under Section 9 or Section 13 of Act No. 27 of 1914, until judgment has first been recovered against the corporation and an execution returned unpaid, cannot obtain judgment against the subscriber to stock and therefore an exception no cause of action will be maintained.

2. **Louisiana Digest — Corporations — Par. 46, 115, 117.**
Although an assignee of a credit acquired its accessories and the right of action of his vendor, nevertheless, Sections 9 and 13 of Act 267 of 1914, a special act, governs the right of an assignee of the rights of a corporation to sue a stockholder for subscription to capital stock of the corporation.

Appeal from Calcasieu Parish. Hon. T. H. Porter, Judge.

Action by Bank of Kaplan against E. E. Richards.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chappuis & Chappuis, of Crowley, attorneys for plaintiff, appellant.

C. R. Liskow, Lake Charles, attorney for defendant, appellee.

ELLIOT, J., concurs for written reasons.

LECHE, J., dissents for written reasons.

MOUTON, J. Edward E. Richards subscribed to ten shares of stock in the Rice-O-La Food Company, incorporated in Acadia Parish. Plaintiff bank alleges that at a receiver's sale, through A. M. Smith, it bought all the credits and rights of the said Rice-O-La Company, in and to the subscription of stock of defendant, in said corporation. As an adjudicatee or assignee plaintiff brings this suit against Richards for $1000.00, the unpaid amount of his subscription and for attorney's fees.

An exception of no right or cause of action was filed by defendant and was maintained.

Sections 9 and 13 of Act 267, 1914, which are pertinent to the issues involved, read as follows:

Section 9. "Be it further enacted, etc., That subscriptions to the capital stock of a corporation shall be paid at such times and in such installments as the Board of Directors may dierct, unless otherwise provided by this Act. If default be made in the payment of any installment, the Board of Directors may sue and recover the unpaid balance of the subscription; together with a reasonable attorney's fee."

Section 13. "Be it further enacted etc., That except in case of insolvency or bankruptcy proceedings, and except as provided in Section 9 of this Act, no action to recover an unpaid balance of stock subscriptions shall be brought against any stockholder until judgment has been recovered against the corporation and an execution returned unsatisfied in whole or in part."

Plaintiff, it is evident, is not suing in insolvency or bankruptcy proceedings, nor in the name of the Board of Directors. It has not therefore brought its suit within either of the two exceptions provided for in Section 13 of the Act. Not having brought itself within either of these exceptions plaintiff's suit is controlled by the provision of Section 13, which says that:

"No action to recover an unpaid balance of stock subscriptions shall be brought against any stockholder until judgment has been recovered against the corporation and an execution returned unsatisfied in whole or in part."

No interpretation or construction of the statute is needed to ascertain the legislative purpose as its language states clearly that no action will lie against any stock-holder for an unpaid balance of his subscription unless preceded by a judgment with an execution returned unsatisfied.

Counsel for plaintiff says that an assignee of a credit acquires its accessories and the right of action of his vendor. That is true as a general proposition. There is nothing, however, in the Act negativing that contention, as the Act concerns itself in merely regulating the manner in which the right of action shall be exercised, unless it comes within the exceptions provided for in Section 13.

The exception was properly maintained.

---

ELLIOTT, J., concurring. It is not alleged nor shown that the present suit was authorized by a board of directors as provided for by Act 267 of 1914, Sections 9 and 12. The amount due on his subscription by a stock subscriber is an asset of the corporation while the corporation is operating, and is a going concern, but when it ceases to function and passes into the hands of a receiver, then the balance due by a stock subscriber on account of his subscription can be called in for the purpose of paying creditors or for the purpose of an adjustment between the stockholders themselves, but not otherwise.

Plaintiff's action is therefore inhibited by Section 13 of Act 267 of 1914. Section 13 was cited by the Court in State vs. Atchafalaya-Teche-Vermilion Co., 155 La. 882, 99 So. 633, but the present question was not before the Court and was not decided.

A similar question was considered and decided by the Supreme Court of the United States in Fourth National Bank vs. Franklyn, 120 U. S. 747, and Evans

vs. Nellis, 187 U. S. 271. The first case involved an interpretation and application of a statute of Rhode Island, which according to the report must have contained a provision similar to Section 13. The other case involved the interpretation and application of a statute of Kansas, which according to the report must also have contained a provision similar to Section 13 of Act 267 of 1914. It was substantially held in both cases that as a prerequisite to a suit in equity against a stockholder to enforce his liability for a stock subscription, a judgment must generally be obtained against a corporation and an execution issued and returned nulla bona, as stated in Ruling Case Law, Vol. 7, · Subject, Corporations, Section 376, page 391.

I, therefore, contend that the judgment appealed from is correct and should be affirmed.

LECHE, J., dissenting. Defendant had subscribed to One thousand dollars worth of stock in the Rice-O-La Company. The company was placed in the hands of a receiver, and the receiver found it necessary to sell all the assets of the corporation. Among these assets was the stock subscription of the defendant; which with the other assets was sold by the receiver to plaintiff, the Bank of Kaplan.

The present action is by the Bank of Kaplan against the defendant to recover the amount of his unpaid stock subscription in the Rice-O-La Company.

Defendant pleaded no cause of action and the trial Judge believing that Sections 9 and 13 of the Corporation Act, No. 267, pp. 526 and 527, of 1914, deprived plaintiff of the right to sue, maintained defendant's exception. Plaintiff has appealed.

Under Section 9 of the Act, the board of directors of a corporation is given the right to sue the subscriber of stock for the unpaid subscription due by him to the corporation. By Section 13, except in insolvency or bankruptcy proceedings and except as provided in Section 9 of the Act, no action to recover such subscription may be brought until after a return of nulla bona under an execution upon a judgment against the corporation.

Plaintiff does not sue as a creditor of the corporation, but as assignee and as owner of the assets of the corporation. It was not therefore called upon to allege the obtention of a judgment against the corporation and an unsatisfied writ of execution thereon.

Admittedly, under the clear language of the statute, the board of directors could have brought the present suit, and the only way to hold effective the words "except in insolvency or bankrupt procedings" is to hold that the receiver could have also brought the suit. There are at present no such proceedings in our Courts as insolvency proceedings, eo nomine, for such proceedings were placed in a condition of lethargy by the United States Bankruptcy Law, which is a federal proceeding. See Duffy vs. His Creditors, 122 La. 600, 48 So. 120. The Act, No. 159, p. 312, of 1898, is in its nature akin to an insolvency proceeding. The receiver appointed under that Act is given, with the sanction of the Court, all the powers which may be exercised by a board of directors and it is obvious under the exception in Section 13 of the Act of 1914, that he may sue to recover unpaid stock subscriptions.

The question then in its final analysis is whether the power to sue for unpaid stock subscriptions is transferable by sale.

The general law is that any effects of commerce may be sold, when there exists no particular law to prohibit the traffic thereof. C. C. Art. 2448. There is no particular law to prohibit the traffic of a credit such as an unpaid stock subscription. By Art. 2449 incorporeal things such as a debt or any other rights may be sold. There is nothing in the Act 267 of 1914, prohibiting the sale of the right to collect an unpaid stock subscription, and no reason is given or suggested why there should be any such prohibition.

The right to collect the unpaid stock subscription of defendant in the Rice-O-La Company is, under the quoted articles of the Civil Code, subject to be sold and there is nothing in the Corporation Act of 1914 prohibiting such sale.

The judgment appealed from should therefore be reversed and the case should be remanded for further proceedings.