No.——

First Circuit

------

AMERICAN SNUFF CO., INC., v. VERNON GROCERY CO., INC., ET ALS.

------

(May 8, 1928. Opinion and Decree.)

------

(*Syllabus by the Editor.*)

1. Louisiana Digest—Corporations—Par. 44, 46, 117.

Under Act 267 of 1914 a creditor can not sue a stock subscriber for payment of an unpaid subscription until he first obtains a judgment against the corporation, and execution thereon is returned unsatisfied in whole or in part.

Appeal from the Parish of Vernon, Hon. Hal A. Burgess, Judge.

Action by American Snuff Company, Inc., against Vernon Grocery Company, Inc., et als.

There was judgment for plaintiff and defendants appealed.

Judgment reversed.

S. I. Foster, of Leesville, attorney for plaintiff, appellee.

L. D. Woolsey, and Ferguson and Newman, of Leesville, attorneys for defendants, appellants.

ELLIOTT, J. American Snuff Co., Inc., advanced to Vernon Grocery Co., Inc., credit to the extent of $349.77. The Vernon Grocery Co., Inc., is a corporation with G. A. Terrell, W. L. Stanton, R. A. Dailey, Glenn Packer and C. J. Davis, as incorporators and subscribers for its stock. The plaintiff alleges that the Vernon Grocery Co., Inc., is totally insolvent; that none of its stock subscribers have paid their stock subscriptions except C. J. Davis; that its members are about to dissolve it without paying its debts. That its officers and directors have failed and refused and do not intend to compel the members to pay who have not paid. That the said amount due the corporation by the subscribers for its stock is its sole asset, etc.

The plaintiff sues Vernon Grocery Co., Inc., and G. A. Terrell, W. L. Stanton, Glenn Packer and R. L. Dailey and prays for judgment against them in solido for the amount due it on said account.

The defendants Stanton, Dailey and Packer appeared and excepted to plaintiff's petition on the ground that it did not set forth a right or cause of action against them.

The exception was by the Court referred to the merits without prejudice, the exceptors objecting, etc.

Stanton, Dailey, Packer and Davis then appeared, and for answer denied the indebtedness alleged against them.

The defendant Packer further alleged that he was a minor at the time he signed the charter and urged his minority at that time as a reason why he should not be held.

Defendant Davis further alleged that he had paid his stock subscription and could not be made to pay any more under the law.

Testimony was taken. The record also contains a statement of facts. The testimony and the statement of facts show that the defendant Vernon Grocery Co., Inc., was duly incorporated and received a charter from the Secretary of State authorizing it to do business. Some of the defendants contend that they gave notice to G. A. Terrell, President, that they would not pay their stock subscription nor have further to do with the corporation, but that makes no difference as far as the plaintiff is concerned. Insurance Co. vs. Walle, 105 La. 89.

The plaintiff is a creditor as alleged, and Glenn Packer was a minor at the time he signed the charter, and C. G. Davis has paid his stock subscription in full. The District Judge discharged Packer and Davis from the case. Vernon Grocery Co. and G. A. Terrell did not appear, and a judgment by default was confirmed against them. Judgment was rendered against Stanton and Dailey on answer filed and after hearing, condemning them in solido with Vernon Grocery Co., Inc., and G. A. Terrell for the amount due the plaintiff.

Stanton and Dailey have appealed and urge on their appeal their exception of no right of action, contending that none exists, because plaintiff does not allege that it obtained judgment against Vernon Grocery Co., Inc., and that execution issued thereon was returned not satisfied in whole or in part, as provided by Sec. 13 of Act 267 of 1914.

Plaintiff's action, previous to the enactment of Act 267 of 1914 could have been maintained, but since then, a creditor can not sue a stock subscriber on account of an unpaid subscription until he first obtains a judgment against the corporation, and execution thereon is returned unsatisfied in whole or in part. State ex rel. McWilliams vs. Atchafalaya Teche Vermilion Co., 155 La. 882, 99 So. 633; Bank of Kaplan vs. Richard, 165 La. —, 115 So. 815; Rapides Grocery Co. vs. Grant, 165 La. —, 115 So. 791.

The judgment appealed from is therefore erroneous and must be annulled, avoided and set aside as to W. L. Stanton and R. A. Dailey.

The judgment appealed from herein is annulled, avoided and set aside as to W. L. Stanton and R. A. Dailey. The exception of no right of action filed by them herein is sustained and the plaintiff's suit is dismissed without prejudice to its right to bring another suit against said Stanton and said Dailey and claim judgment against them in solido for the amount of its said account, as soon as it has obtained judgment against Vernon Grocery Co., Inc., and execution has been returned thereon unsatisfied in whole or in part. Plaintiff and appellee to pay the costs in both courts.