No. 539

First Circuit

**AMERICAN SNUFF CO. v. STANTON ET AL.**

(April 14, 1930. Opinion and Decree.)

S. I. Foster, of Leesville, attorney for plaintiff, appellant.

P. L. Ferguson and L. D. Woosley, of Leesville, attorneys for defendants, appellees.

LeBLANC, J. In a former suit, the American Snuff Company had endeavored to obtain a judgment against these same defendants. It had sued the Vernon Grocery Company, Inc., and was seeking to hold the present defendants liable as incorporators under that provision of section 12 of Act 267 of 1914 which makes every subscriber to the capital stock of a corporation, though not a holder, personally liable to the creditors of the corporation to an amount equal to the unpaid balance on the stock for which he has subscribed. The defense in that suit, as it is in this, was an attack on the legality of the incorporation of the

Vernon Grocery Co., Inc. The lower court in that case rendered judgment against the company and against the present defendants, maintaining the validity and legality of the corporation and holding these defendants liable under the section of the act just referred to.

On appeal to this court, that judgment was set aside and an exception of no cause of action on behalf of the defendants in this suit was sustained. American Snuff Co. vs. Vernon Grocery Co., Inc., et als., 8 La. App. 488. That exception had been based on the failure of the petition to have alleged a compliance with the provisions of section 13 of Act 267 of 1914 which made it a condition precedent in suing stockholders that judgment should first have been obtained against the corporation and execution returned unsatisfied in whole or in part.

Plaintiff in this suit having complied with that condition, it now prosecutes this action against the defendants.

It is urged again on the part of these defendants that they be relieved from liability on the ground that they have never paid the amounts of their subscriptions, and that they had withdrawn as stockholders with the consent and approval of the president of the corporation. This very defense was passed on by this court in the former case where it was rejected. Now the defendants further plead the illegality of the corporation on the ground that when the secretary of state issued the certificate of incorporation he had not been furnished with the proof by affidavit of two incorporators that 50 per cent of the stock had been subscribed, and, further, that 50 per cent of the stock had not been paid for. The trial judge in this case reversed his ruling in the former suit, held that the corporation had never been legally organized, and rendered judgment in favor of the defendants, dismissing plaintiff's suit.

Act No. 267 of 1914, the corporation law in existence at the time is the law which governs this case. Under its provisions (section 2) the certificate of incorporation issued by the secretary of State was to "be received in evidence in all courts of this State and" was to be "prima facie proof of the legal creation and existence of such corporation." The certificate in this case was issued in proper form, and on its face presents a perfectly valid and legal certificate. The requirements for its issuance by the secretary of state had been substantially complied with. The act of incorporation itself, executed before a notary public, in valid form, with the certificate of the clerk of court that it had been duly recorded, showed that 50 per cent of the capital stock had been subscribed. Whether 50 per cent of the stock had been paid for was not a requirement which addressed itself to the secretary of state. All fees and costs must have been paid, as a letter from the secretary of state acknowledges a receipt for same. The mere omission to send that official an affidavit by two incorporators that 50 per cent of the stock had been subscribed cannot have the effect of rendering null and void his certificate, when the articles of incorporation themselves signed by five incorporators supply the very proof that was intended by such affidavit. There is no evidence to overcome the presumption of the legal creation and existence of the corporation produced by the certificate of the secretary of state.

In the case of Chronos Land Co., Inc., vs. Crichton, 150 La. 963, 91 So. 408, in stressing the importance of the certificate of the secretary of state as furnishing prima facie proof of the legal existence of the corpora-

tion, the Supreme Court says, at page 968 of the reported decision, 91 So. 408, 410:

"Beyond this, there is attached to the charter of incorporation the certificate of the Secretary of State, required by section 2 of Act 267 of 1914, which, as provided by that section, is prima facie proof that the corporation has been legally organized and has existence as such. Therefore whatever right defendants may have to make the attack they have made in this case on plaintiff's corporate existence, the evidence, in support of that attack, is overcome by the presumption of its legal corporate existence flowing from the certificate of the Secretary of State."

Other irregularities shown in matters of internal administration of its affairs cannot vitiate the legal existence of the corporation, and certainly cannot affect the rights of third parties who have dealt with it under the impression that it was legally and validly organized.

We conclude, therefore, that the district judge erred in holding that the corporation whose legal existence was attacked in this case was not a legal corporation, and therefore its stock subscribers who had not paid the amounts of their subscriptions were not liable to the plaintiff who had brought this action against them. It being admitted that they have not paid for their subscriptions, and the accounts sued on having been reduced to judgment against the corporation and execution returned unsatisfied, they are liable under section 12 of Act 267 of 1914, and plaintiff is entitled to recover judgment against them as prayed for.

It is therefore ordered that the judgment appealed from rejecting plaintiff's demand and dismissing its suit be, and it is hereby, reversed, and set aside; and,

It is now ordered that the defendants herein, W. L. Stanton and R. A. Dailey, be condemned, in solido, to pay to the plaintiff herein, American Snuff Company, the sum of $349.77, with legal interest from June 3, 1928, until paid, and the further sum of $40.72 as costs in the former suit of American Snuff Co. vs. Vernon Gorcery Co., Inc., et al., and all costs of this proceeding.